*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JEFFREY ALAN STOLTZ,

Defendant-Appellant.

UNPUBLISHED
July 20, 2023

No. 363425
Kent Circuit Court
LC No. 18-003731-FH

Before: M. J. KELLY, P.J., and SHAPIRO and REDFORD, JJ.

REDFORD, J. (*concurring in part and dissenting in part*).

I concur with the majority's decisions to vacate defendant's sentences and the restitution award, but I respectfully dissent from its decision that on remand the case must be assigned to a new judge.

Applying the factors set forth in *People v Walker*, 504 Mich 267, 285-286; 934 NW2d 727 (2019), I conclude that the circumstances of this case do not warrant remand to a different judge. The record does not indicate that the trial court would reasonably be expected to have substantial difficulty putting aside previously expressed views or findings. Although the trial court erred in its restitution calculation and should have obtained and considered an updated PSIR for resentencing defendant, I am not persuaded that on remand the trial court will not be able to revisit these issues and conduct further proceedings consistent with this Court's opinion. Nor do I find that reassignment is necessary or advisable to preserve the appearance of justice. Further, reassignment likely would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. The record reflects that the trial court, having presided over the trial and conducted further proceedings, is best positioned to assess the restitution to be awarded to the victims in light of this Court's opinion, and to resentence defendant with the benefit of review of an updated PSIR and articulate on the record the trial court's reasoning for the sentence imposed after considering such information.

/s/ James Robert Redford

-1-